S. Samuel Di Falco, S.
The surviving trustee requests a construction of testator’s will as to the identity of the remainder-men of the trust for the benefit of testator’s surviving spouse who is still living. Testator died in 1940. This is the first intermediate accounting of the trustees and covers a period for almost 20 years to the date of death of the individual trustee. His executors have adopted the account.
In paragraphs seventh and ninth of his will testator created a trust of what was the intestate share of his surviving spouse with the income payable to her for life. In paragraphs eighth, tenth and eleventh he established trusts of fractional parts of the residue of his estate for the benefit of one nephew and three nieces. The income was to be paid to the parent or guardian of each beneficiary until he or she attained majority and then to the beneficiary until he or she reached the age of 30 years when the principal would be paid to the beneficiary. In paragraph fifteenth testator made provision for the distribution of the remainder of each of these trusts in the event that the beneficiary died before attaining the age of 30 years. The nephew and three nieces have each reached the age of 30 years but the nephew and one niece has since died.
Returning to the trust for the benefit of the surviving spouse, which is the only trust involved in this proceeding, testator directed in paragraph thirteenth of his will that upon her death *487 the principal shall be divided pro ratably among the aforesaid trusts for his nephew and three nieces. If the beneñeiary thereof has not reached the age of 30 years at the time of death of the income beneficiary, then his or her share of the principal is to be added to his or her trust. If said beneficiary has attained 30 years of age at that time, then the share of the principal is to be paid to him or her outright.
There is ample justification for including the construction question in this accounting proceeding despite the fact that the trust has not terminated. Two of the possible remaindermen have died and their representatives are entitled to know at this time what interest their testators have or have not in the principal of this trust. The accounting trustees are also entitled to know that the decree settling their account has been on notice to all interested parties. The question is not academic. The objection of the income beneficiary to the inclusion of the request for a construction of the will in this accounting as unnecessary and improper is, therefore, overruled.
The court determines that the nephew and the three nieces of the testator had vested interests subject to being divested in the event of the death of a beneficiary before reaching the age of 30 years (Matter of Krooss, 302 N. Y. 424; Matter of Gardner, 12 A D 2d 477). The interest of each beneficiary became absolutely vested upon attaining the age of 30 years. Upon termination of the trust accounted for in this proceeding, the principal will be distributable pro ratably to the aforesaid nephew and nieces or to the representatives of their estates. The compensation of the attorney for the accounting trustee is allowed in the amount requested.